Wanda Wilk Wellcome, Appellee, v. John M. Wilk, Appellant.

Gen. No. 44,909.

Opinion filed January 19, 1950. Released for publication February 21, 1950.

ANDREW PETTINGER and GEORGE A. BOSOMBURG, both of Chicago, for appellant; G. A. BOSOMBURG, of Chicago, of counsel.

REUEL H. GRUNEWALD, of Chicago, for appellee; FRANCIS M. COOPER, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an appeal from an order sustaining plaintiff's exceptions to a Master's Report and taking custody of two minor children from their father and giving custody to their mother. Defendant father has appealed.

The parties were married June 28th, 1936 and were divorced February 23, 1944, at plaintiff's suit, for defendant's cruelty. Custody of their two children Constance and Dennis, then six and three years old respectively, pursuant to their agreement approved by the Chancellor, was given to the plaintiff. Defendant was given privilege of visiting the children. On September 21, 1945, by order of Court, based on agreement of the parties, temporary custody was given to defendant. August 6, 1948, plaintiff filed her petition seeking custody of the children, defendant answered, and the issues were referred to a Master.

The Master found that following her divorce from defendant, plaintiff married one Roche whom she divorced one year later; that January 1947 she married Wellcome and moved to California, where he was employed and lived there six months; that she was given leave to take the children to California for summer vacation but having no suitable living quarters did not avail herself of the right; and that she and her husband returned to Chicago and he is now employed near La Salle, Illinois where they live in a six room bungalow with three bedrooms.

We infer from the Report that the Master found that defendant and his present wife were married two years after the divorce from plaintiff; that they live in Brookfield, Illinois in a building owned by his wife; that they occupy the first floor which consists of four rooms; and that the upper floor is occupied by his father-in-law and sister-in-law.

The Master found that it would be for the best interests of the children, to continue living with the defendant and his wife and recommended that plaintiff's petition be dismissed. Plaintiff objected to the Report because the Master did not find that permanent custody resided in plaintiff by virtue of the divorce decree; did not find that the temporary order of Sep-

tember 21, 1945, had no effect on plaintiff's permanent right; and in not finding that best interests of children required that they be given into her custody. These objections among others which pertain to more specific evidentiary findings, stood as exceptions and were sustained by the Chancellor.

So far as their material wants are concerned the record shows the children would be substantially as well off in the Wellcome home or the Wilk home. We think that the children sleeping in the same room in upper and lower bunks is not now in itself unwholesome. The evidence is in conflict about whether plaintiff properly cared for the children while they were in her custody. She admits she neglected to see to their religious training or practices. One might question whether the medical treatment of Constance after plaintiff relinquished custody because she had previously refused to eat was due to neglect or psychological or physiological causes.

We think the evidence clearly shows that the children are better off now than they were when in plaintiff's custody. It is true that her financial position is more stable and secure now than then. It is probable that her future is likewise more stable. That her present husband has a child by a former marriage, who is in custody of his mother may have little bearing. Since returning from California in 1947 plaintiff and her husband have regularly on Sunday visited the children and taken them out for a ride, show and dinner. Nevertheless we think the record of her care of the children before she voluntarily gave them up is strong evidence that she should not have them now.

The order by which she gave up custody in September of 1945, states that Constance desired to live with her father, had refused to attend school or obey her mother, and plaintiff feared for the child's health. It also states that the plaintiff believed it would be best for the children to be with their father until they again

expressed their desire to return to the mother. Constance, now eleven, testified under questioning by the Master. We are impressed as the Master must have been by her testimony. There is no question of her desire to remain where she is. She loves her father and step-mother. She and her brother attend the same school and go to the same church as their step-mother and father. They are enjoying their lives in wholesome, serious, affectionate, and stable home environment. Testimony of Constance in this respect is corroborated by two women who are close neighbors of the Wilks. Constance does not want to leave that environment and go to the home of plaintiff. She expressed no desire to return to plaintiff. This was the condition which plaintiff attached to her relinquishment of custody of the children. We see no reason to blame the attitude of Constance on influence of her father and step-mother against plaintiff.

██ The custody granted plaintiff in the decree was permanent only in a relative sense. Neither the temporary order nor our decision is controlled by that decretal provision. The reasons recited in the voluntary order indicated that she was not capable of cultivating the co-operation or obedience of the children. This was sufficient cause for modification of the decree. If the children were influenced against her during the two weeks with the father before entrance of the September 1945 order, the cure was not to relinquish custody to him.

█ We think the order of the Chancellor sustaining the exceptions to the Master's Report is against the manifest weight of the evidence. It is reversed and the proceedings are remanded to the trial court with directions to overrule the exceptions and enter an order in accordance with the recommendations of the Master.

*Reversed and remanded with directions.*

LEWE, P. J., and BURKE, J., concur.